**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4166**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONTA TERRY VAUGHAN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (1:05-cr-00065-IMK-1)

Submitted: December 21, 2006          Decided:  December 29, 2006

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard T. Brown, Washington, D.C., for Appellant.  Rita R. Valdrini, Acting United States Attorney, David E. Godwin, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donta Terry Vaughan pled guilty to one count of aiding and abetting an attempt to provide a prohibited object to an inmate, in violation of 18 U.S.C. §§ 1791(a)(2), 2 (2000). He was sentenced to twenty-one months of imprisonment. On appeal, Vaughan argues that the court erred in imposing a two-level obstruction of justice enhancement, U.S. Sentencing Guidelines Manual § 3C1.1 (2004), and in denying him a two-level reduction for acceptance of responsibility, USSG § 3E1.1(a), based on the court's finding that he failed to provide truthful information as agreed to in his plea agreement.

This court reviews a district court's factual findings supporting an enhancement for obstruction of justice for clear error. United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005). Likewise, the district court's decision to grant or deny an adjustment for acceptance of responsibility is reviewed for clear error. United States v. May, 359 F.3d 683, 688 (4th Cir. 2004). In this case, we find that the district court's findings that Vaughan committed perjury in the trial of his co-defendant and that he made materially false statements to the court and probation officer are supported by the record. We therefore conclude that the district court did not err in enhancing Vaughan's sentence for obstruction of justice. We further find no error in the court's denial of a reduction for acceptance of responsibility. "Conduct

resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." USSG § 3E1.1, comment. (n.4); <u>see</u> <u>United States v. Murray</u>, 65 F.3d 1161, 1165 (4th Cir. 1995) (holding that finding of obstruction supports the denial of acceptance of responsibility reduction).

Accordingly, we affirm Vaughan's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>